# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2012

No. 11-60352
Summary Calendar

Lyle W. Cayce
Clerk

TOMAS CERON-SILVAS,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091-824-863

---

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

The Board of Immigration Appeals (BIA) determined, inter alia, that Tomas Ceron-Silvas was ineligible for discretionary relief from deportation, pursuant to a waiver of inadmissibility under former § 212(c)[1] of the Immigration and Nationality Act, "because an aggravated felony crime of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 8 U.S.C. § 1182(c) (1994).

violence has no comparable ground of inadmissibility." However, after Ceron-Silva's petition for review was filed, the Supreme Court decided *Judulang v. Holder*, 132 S. Ct. 476 (2011). In *Judulang* the Court considered the BIA's "comparable-grounds" rule for determining whether an alien is eligible for relief under former § 212(c). The Court held that the comparable-grounds rule is arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). *Judulang*, 132 S. Ct. at 483-84. The Supreme Court explained that "[i]n rejecting th[e] rule, we do not preclude the BIA from trying to devise another, equally economical policy respecting eligibility for § 212(c) relief, so long as it comports with everything held in both this decision and [*I.N.S. v.*] *St. Cyr*[,] [533 U.S. 289 (2001)]." *Id.* at 490. Accordingly, it is proper to remand this case to the BIA to reconsider its decision regarding whether Ceron-Silva is eligible for § 212(c) relief.

We GRANT Ceron-Silva's petition for review, VACATE the BIA's judgment, and REMAND the case to the BIA for reconsideration in light of *Judulang*.